UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JAMAR CURTIS, *pro se*,                        :
                                               :
                          Petitioner,          :
                                               :            **SUMMARY ORDER**
                    -against-                  :            06-cr-00413 (DLI)
                                               :            16-cv-03699 (DLI)
UNITED STATES OF AMERICA,                      :
                                               :
                          Respondent.          :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is *pro se* Petitioner Jamar Curtis' ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). On October 10, 2007 Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii), and one count of use and possession of a firearm in relation to the drug trafficking count, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See*, Minute Entry, Dkt. Entry No. 270; Judgment, Dkt. No. 378.[1] On April 24, 2008, Petitioner was sentenced to 120 months of imprisonment on the drug count and 60 months of imprisonment on the firearm count to run consecutively to the sentence on the drug count, for a total of 180 months of imprisonment followed by five years of supervised release on each count with conditions, to run concurrently with each other. *See*, Minute Entry, Dkt. No. 377; Judgment, Dkt. No. 378.

On June 26, 2016, Petitioner timely filed the instant motion. *See*, Pet. 2255 Mot., Dkt. Entry No. 887 at 6. Petitioner contends that the Court's sentencing determination amounted to a denial of due process under *Johnson v. United States*, 576 U.S. 591 (2015), and seeks appointment of *habeas* counsel. *Id.* The Government opposed Petitioner's motion. *See*, Gov't Opp'n to 2255

---

[1] All docket entry citations refer to the criminal matter underlying Petitioner's motion, 06-cr-00413 (DLI).

Mot., Dkt. Entry No. 894. Petitioner did not file a reply. For the reasons set forth below, Petitioner's motion is denied.

## BACKGROUND

At Petitioner's sentencing hearing on April 24, 2008, the Court concluded that the Probation Department correctly had determined that Petitioner's Criminal History Category ("CHC") was VI under the United States Sentencing Guidelines ("Guidelines" or "USSG") because he qualified as a career offender, based in part on a prior New York State conviction for Robbery in the Third Degree. *See*, Statement of Reasons, Dkt. Entry No. 385; Sentencing Tr.*,* Dkt. Entry No. 385-2 at 9, 23. Notwithstanding his career offender designation, the Court further concluded that Petitioner's criminal history was over-represented and departed downwardly one level to CHC V, which, together with a Total Offense Level of 34, resulted in a Guidelines range of imprisonment of 235 to 293 months. *See*, Statement of Reasons; Sentencing Tr. at 25.

Ultimately, the Court considered the many mitigating factors in this case, both under the USSG and 18 U.S.C. § 3553(a), and, as a downward variance, imposed the mandatory minimum terms of imprisonment applicable to both counts of conviction, *i.e.,* 120 months of imprisonment on the Sections 841 and 846 drug trafficking charge and 60 months of imprisonment on the Section 924(c) firearm charge, to run consecutively, resulting in a total term of imprisonment of 180 months. *See*, Judgment; Sentencing Tr. at 37. Petitioner did not appeal his conviction or sentence. Petitioner has served his term of imprisonment and currently is under the supervision of Probation.

## LEGAL STANDARD

Under § 2255, a sentencing court may "vacate, set aside or correct [a] sentence" that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of

justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted). Where a criminal defendant "did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255." *Rajaratnam v. United States*, 736 Fed. App'x 279, 281 (2d Cir. 2018) (citing *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). "An exception applies . . . if the [criminal] defendant demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence." *Id.* (citing *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015)).

In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

## **DISCUSSION**

Petitioner did not challenge his sentence on direct appeal. Petitioner has not provided any explanation for this procedural default and does not assert his actual innocence. Accordingly, Petitioner's Section 2255 *habeas* motion is denied as procedurally barred.

Petitioner's motion also fails on the merits as *Johnson* had no effect on the specific statutes under which Petitioner was convicted and sentenced. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), appearing at 18 U.S.C. § 924(e)(2)(B) and defining a category of violent offenses that trigger enhanced mandatory minimum sentences, was unconstitutionally vague, and that imposing a sentence under this clause violates a defendant's constitutional right to due process. *See*, *Johnson*, 576 U.S. at 606. *Johnson* applies retroactively. *See*, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). However,

Petitioner was not sentenced under Section 924(e), but, instead, was sentenced under the drug trafficking crime provision of Section 924(c)(1)(A)(I). Moreover, the Court explained at sentencing that Petitioner was classified as a career criminal, not an armed career criminal, as he lacked the requisite prior violent felony convictions and was not convicted under Section 922(g), which criminalizes possession of a firearm by a convicted felon. *See*, Sentencing Tr. at 13-17.

Indeed, several courts have found that *Johnson* has no effect on the drug trafficking crime provision of Section 924(c)(1)(A). *See*, *Castillo v. United States*, 2020 WL 133510, at *3 (S.D.N.Y. Jan. 13, 2020); *Rodriguez-Francisco v. United States*, 2016 WL 7048716, at *7 (S.D.N.Y. Dec. 2, 2016); *Gaton v. United States*, 2018 WL 5801055, at *6 (S.D.N.Y. Nov. 6, 2018); *Lugo v. United States*, 2017 WL 2610502, at *5 (E.D.N.Y. June 15, 2017), *certificate of appealability denied*, 2018 WL 3238454 (2d Cir. Jan. 9, 2018), *cert. denied*, 139 S. Ct. 238 (2018). Accordingly, Petitioner's sentence is not affected by *Johnson* and his petition must be denied.

Petitioner also argues that the Supreme Court's decision in *Johnson* rendered unconstitutional the residual clause defining a "crime of violence" in the Guidelines. However, in *Beckles v. United States,* the Supreme Court determined that the residual clause in § 4B1.2(a) was not unconstitutional because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. 886, 895 (2017). Thus, Petitioner's argument is undermined fatally by *Beckles*. *See*, *Guerrero v. United States*, 2019 WL 3940131, at *2 (S.D.N.Y. July 31, 2019) (denying Section 2255 petition attacking determination that Robbery in the Third Degree under New York law qualifies as crime of violence under § 4B1.2 in light of *Beckles*); *United States v. Aiken*, 2019 WL 2053989, at *1 (S.D.N.Y. May 9, 2019) (denying *habeas* petition based on vagueness challenge to Guidelines following *Beckles*); *Dantzler v. United States*, 2019 WL 1574799, at *3 (E.D.N.Y. Apr. 11, 2019) (same).

Finally, Petitioner requests the Court to appoint him *habeas* counsel. When the interests

4

of justice so require, the Court may appoint counsel to "any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28." 18 U.S.C. § 3006a(2)(B). As "none of petitioner's claims [are] complex or likely to succeed on the merits," and Petitioner has been able to clearly communicate his arguments to the Court, his request for counsel is denied. *Rodriguez-Francisco*, 2016 WL 7048716, at *7; *Thompson v. Griffin*, 2017 WL 11511164, at *1 (E.D.N.Y. Mar. 16, 2017) (same). Therefore, the interest of justice does not require appointment of counsel and his request is denied.

## **CONCLUSION**

For the reasons set forth above, Petitioner's § 2255 motion and request for *habeas* counsel are denied in their entirety. Petitioner is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See,* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       September 24, 2021

                                                /s/
                                   DORA L. IRIZARRY
                                United States District Judge